IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY DENAPLES, | : Civ. No. 3:23-CV-1833 |
| Plaintiff, | : |
| v. | : (Chief Magistrate Judge Bloom) |
| SCRANTON QUINCY CLINIC COMPANY, LLC, | : |
| Defendant. | : |

MEMORANDUM OPINION

I. Introduction

This is an employment discrimination action brought by Ashley DeNaples ("DeNaples"), a Certified Registered Nurse Practitioner ("CRNP"), against Scranton Quincy Clinic Company, LLC ("Quincy"), a "medical facility system." (Doc. 1 ¶ 2). In her complaint, DeNaples alleges that, after working for Quincy for approximately ten years, she was terminated due to her sex and because she had recently become pregnant. (*Id.* ¶ 29). Based on those allegations, DeNaples brings discrimination claims under the Pennsylvania Human Relations Act ("PHRA") and Title VII of the Civil Rights Act of 1964. (*Id.* at 1).

In response, Quincy has filed a motion to dismiss the complaint, arguing that DeNaples has not pled facts giving rise to an inference of discrimination. (Doc. 7). This motion, which has been briefed, is ripe for resolution. (Docs. 7, 8, 10). After consideration, we will deny the motion to dismiss.

## II. Background

DeNaples alleges that Quincy hired her as a CRNP in May of 2010 and that she performed well in her position for approximately the next ten years. (Doc. 1 ¶¶ 17-18, 27). However, in March of 2020, Quincy allegedly informed DeNaples that it was closing its office and instructed her "not to return to work until further notice." (*Id.* ¶ 19).[1] In July of 2020, DeNaples allegedly informed Quincy that she was pregnant. (*Id.* ¶ 20). According to DeNaples, Quincy advised her to exhaust her paid time off to avoid having to pay for health insurance. (*Id.*). DeNaples alleges that when she exhausted her paid time off later in July of 2020, Quincy advised her to file an unemployment compensation claim. (*Id.* ¶ 21).

DeNaples alleges that Quincy placed her on maternity leave in late October or early November of 2020 and that she delivered her daughter

---

[1] It is unclear from the complaint whether Quincy closed its office.

via cesarean section on November 15, 2020. (Doc. 1 ¶¶ 22-23). DeNaples further alleges that because she delivered via cesarean section, she received short term disability benefits from Quincy and remained "laid off" until February of 2021. (*Id.* ¶ 23). In late February of 2021, Quincy allegedly terminated DeNaples during a video call. (*Id.* ¶ 24). After being terminated, DeNaples was allegedly "informed…that Defendant retained other personnel who were not female and who were less qualified than [her]." (*Id.* ¶ 25). DeNaples alleges that she filed charges of sex discrimination and retaliation with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"), but that neither commission "issued any formal notice to [her] Complaint." (*Id.* ¶¶ 11, 13).

On November 3, 2023, DeNaples filed this action, alleging that Quincy violated the PHRA and Title VII by terminating her due to her sex and pregnancy. (Doc. 1 ¶ 29). On January 12, 2024, Quincy moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 7). DeNaples filed an opposition brief on February 25, 2024. (Doc. 10). Quincy's motion is now briefed and ripe for resolution.

III. Discussion

A. Motion to Dismiss - Standard of Review

Quincy has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

When considering a motion to dismiss, a court may consider allegations in the complaint as well as documents that are attached to the complaint, incorporated into the complaint by reference, integral to the complaint, or judicially noticeable. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the court may consider

5

matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

### B. The Motion to Dismiss Will be Denied.

As explained above, DeNaples alleges that Quincy violated the PHRA and Title VII by terminating her based on her sex and pregnancy. (Doc. 1 ¶ 29). Courts analyze PHRA and Title VII claims under the same standard. *Boykins v. SEPTA*, 722 F. App'x 148, 152 (3d Cir. 2018) (nonprecedential). To state a discrimination claim under either statute, a plaintiff must plead that (1) she belongs to a protected class, (2) she was qualified for her position, (3) she suffered an adverse employment action, and (4) the adverse action was taken under "circumstances that give rise to an inference of discrimination." *Johnson v. St. Luke's Hosp.*, 307 F. App'x 670, 671-72 (3d Cir. 2009) (nonprecedential).

Under Title VII and the PHRA, sex is a protected class and termination is an adverse employment action. 42 U.S.C. § 2000e–2(a)(1); *Fowler v. AT&T, Inc.*, 19 F.4th 292, 301 (3d Cir. 2021). The "prohibition against sex discrimination [contained in Title VII and the PHRA] applies to discrimination based on pregnancy." *Young v. United Parcel Serv.,*

*Inc.*, 575 U.S. 206, 210 (2015). Therefore, an employer engages in sex discrimination "whenever an employee's pregnancy [or related medical condition] is a motivating factor for the employer's adverse employment decision.'" *Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 364 (3d Cir. 2008) (quoting *In re: Carnegie Ctr. Assoc.,* 129 F.3d 290, 294 (3d Cir. 1997)).

Quincy moves to dismiss on the grounds that DeNaples has not pled circumstances giving rise to an inference of discrimination. (Doc. 8 at 8). In support of this contention, Quincy argues DeNaples was terminated before she disclosed her pregnancy, that her allegations are wholly conclusory, and that an extrinsic document created by the PHRC rebuts her claims. (*Id.* at 6-9). As explained below, we do not find these arguments persuasive, and we will, therefore, deny Quincy's motion to dismiss.

Quincy first argues that DeNaples has not pled circumstances giving rise to an inference of discrimination because she alleges that she was terminated in March of 2020, several months before she disclosed her pregnancy. (Doc. 8 at 8). We disagree. In March of 2020, Quincy allegedly told DeNaples "not to return to work until further notice." (Doc.

7

1 ¶ 19). However, DeNaples alleges that Quincy did not formally terminate her until February of 2021, approximately seven months after she had disclosed her pregnancy. (*Id.* ¶ 24). Therefore, DeNaples has sufficiently pled that Quincy was aware of her pregnancy before she was terminated.

Quincy also argues that DeNaples's allegations of discrimination are wholly conclusory. (Doc. 8 at 6). In support of this argument, Quincy points to DeNaples's allegations that she "'suffered intentional discrimination'" and was "'terminated…because of her pregnancy.'" (*Id.* at 7 (quoting Doc. 1 ¶¶ 26, 29)). If those were DeNaples's only allegations, they likely would not state a claim. *See Davis v. City of Newark*, 285 F. App'x 899, 903 (3d Cir. 2008) (nonprecedential) (explaining that a plaintiff "cannot sustain a claim simply by asserting an event and then asserting that it was motivated by [ ] bias"). However, DeNaples also alleges that "Defendant retained other personnel who were not female and who were less qualified than Plaintiff." (Doc. 1 at ¶ 25). Courts routinely uphold discrimination claims where, like here, the plaintiff alleges that the defendant treated employees outside the plaintiff's protected class more favorably even though they were less qualified. *See*

8

*e.g.*, *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 267 (3d Cir. 2021) (holding that the plaintiff pled circumstances giving rise to an inference of age discrimination by alleging that his replacements "were not only 'significantly younger,' but also less qualified and experienced").[2] Therefore, DeNaples has pled facts sufficient to support an inference of sex discrimination at the pleading stage.

Finally, Quincy argues that DeNaples's claims are rebutted by the PHRC's finding of no probable cause, a document that is extrinsic to the complaint. (Doc. 8 at 9).[3] Even assuming *arguendo* that we can consider

---

[2] *See also Williams v. Carson Concrete Corp.*, No. 20-CV-5569, 2021 WL 1546455, at *3 (E.D. Pa. Apr. 20, 2021) (holding that the plaintiff stated a racial discrimination claim by alleging, among other things, that the position was "filled by two White men, both of whom were less experienced and less qualified than Plaintiff and one of whom had been the subject of work-related complaints"); *Mahan v. City of Philadelphia*, 296 F. Supp. 3d 712, 719 (E.D. Pa. 2017) (denying the defendant's motion to dismiss the plaintiff's sex discrimination claim where the plaintiff alleged that "the series of positions at RCF that she did not get 'were given to less qualified male coworkers with less seniority'"); *Johnson v. Long Island Univ.*, 58 F. Supp. 3d 211, 224-25 (E.D.N.Y. 2014) (denying a motion to dismiss where the plaintiff alleged that "LIU failed to interview him and instead gave the position to Lazarus, a less-qualified individual outside of Plaintiff's protected class").

[3] We note that Quincy does not argue that the PHRC's finding of no probable cause is integral to the complaint, incorporated into the complaint by reference, judicially noticeable, or otherwise proper for consideration at this juncture.

this document at the pleading stage, we cannot rely on the statements contained in it because they contradict the allegations in the complaint. *See Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (explaining that "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail"); *see also Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001) (explaining that "[t]aking judicial notice of the truth of the contents of a filing from a related action could reach, and perhaps breach, the boundaries of proper judicial notice"). Accordingly, we reject Quincy's argument that we should dismiss DeNaples's claims based on the statements in the PHRC's finding.

## IV. Conclusion

For the foregoing reasons, Quincy's motion to dismiss (Doc. 7) will be denied.

An appropriate order follows.

Submitted this 17th day of September 2024.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge
